UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   **CV 15-06814 MWF (AFMx)**                                         Date:  September 10, 2015

Title            **Delfina Echeverria v. Silvia Monroy and Does 1 to 10**

Present: The Honorable   Michael W. Fitzgerald, U.S District Judge

|                Rita Sanchez                 |                 N/A                  |
|---------------------------------------------|--------------------------------------|
|               Deputy Clerk                  |        Court Reporter / Recorder     |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:
N/A                                                  N/A

**Proceedings:  (In Chambers)**        **ORDER REMANDING MATTER TO STATE COURT**

On May 21, 2015, Delfina Echeverria ("Plaintiff") instituted unlawful detainer proceedings against Silvia Monroy and Does 1 to 10 ("Defendants") in state court. (Notice of Removal at ¶ I.) One of the Doe Defendants is Jimena Vega. Since June 5, 2015, Defendants have allegedly continued in unlawful possession of property located at 231 S. Matthisen Ave. #231, Compton, CA (the "Property") that is owned by Plaintiff. (Compl. ¶¶ 3, 17.) Defendants are alleged to have a written month-to-month tenancy agreement, at a rate of $1,200 per month, with rent due on the 5th of the month. (Compl. ¶ 6) The reasonable value of the property is alleged to be $40.00 per day, and damages have accrued at this rate since June 5, 2015. (Compl. ¶¶ 11, 17.) Plaintiff served Defendants with a three-day written notice to quit, but Defendants have continued in possession of the Property without Plaintiff's permission or consent. (Compl. ¶¶ 10, 17.) An answer by Defendant Vega was attached to the Notice of Removal, but it is unclear if it has been filed in state court.

Defendant Vega removed the action to this Court on September 2, 2015. Defendant Vega asserts that jurisdiction exists in this Court because supposedly (i) Defendant has withheld rent due to Plaintiff's violation of the Fair Housing Act and 42 U.S.C. § 3604(f)(3)(A) (Notice of Removal at ¶5); (ii) Defendant has been discriminated against due to the building not being up to code by violating § 3604(f)(3)(C) with regard to wheelchair accessibility (Notice of Removal at ¶ 6); and (iii) "Defendants pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (Notice of Removal at ¶ 7.) These defenses were not expressly stated in the Answer attached to the Notice of Removal. Defendant Vega asserts only federal question jurisdiction, and does not assert diversity jurisdiction. (Civil Cover Sheet at 1.) The Civil Cover Sheet further reflects that all parties are citizens of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **CV 15-06814 MWF (AFMx)**                      Date: September 10, 2015

Title     **Delfina Echeverria v. Silvia Monroy and Does 1 to 10**

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

    Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint here contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if there were an actual or anticipated federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint. Accordingly, Defendants have failed to meet their burden of showing federal question jurisdiction exists.

    Moreover, the notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint and the notice of removal that no diversity jurisdiction exists under 28 U.S.C. § 1332. All parties are citizens of California, and the amount in controversy is alleged to be below $10,000 -- well below the statutory threshold of $75,000.

    The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc: Pro Se Defendant

 

                                                                             **Initials of Preparer**     rs